United States District Court

For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JOHN C. COHAN, aka Christopher Cohan;<br>MAX D. GRAY,<br><br>　　　　Respondents.<br>　　　　　　　　　　　　　　　　　　/ | No. C 05-3791 PJH<br>(Related C 05-3792 PJH)<br><br>**ORDER TO SHOW CAUSE RE:<br>ENFORCEMENT OF IRS SUMMONSES<br>AND VACATING AND RESETTING<br>HEARING DATE RE: COHAN** |

　　　　Upon consideration of the United States' Petitions to Enforce Internal Revenue Service ("IRS") Summonses, Memoranda in support thereof, and Declarations of Revenue Agent Michele Pierano in support thereof, the court finds that the United States has established a prima facie case under *United States v. Powell*, 379 U.S. 48, 58 (1964) for enforcement of the IRS summonses at issue.

　　　　Accordingly, IT IS HEREBY ORDERED that respondents, John C. Cohan, also known as Christopher Cohan, and Max D. Gray, appear before the undersigned United States District Judge, in Courtroom No. 3, 450 Golden Gate Avenue, San Francisco, California 94102, on **Wednesday, December 7, 2005** at **9:00 a.m.**, to show cause why Cohan should not be compelled to obey the four IRS summonses served upon him, and why Gray should not be compelled to obey the two IRS summonses served upon him.

　　　　It is further ORDERED that:

　　　　1.　　A copy of this order, together with the Petitions to Enforce IRS summonses and Declarations of Michele Peirano, shall be served in accordance with Fed. R. Civ. P. 4

upon respondents within **14** days of the date that this order is entered or as soon thereafter as possible.

2. Since the file in this case reflects a prima facie showing that the IRS investigation is being conducted for a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Internal Revenue Code have been followed, *see Powell*, 379 U.S. at 57-58, the burden of coming forward has shifted to respondents to oppose enforcement of the summonses.

3. If respondents have any defense to present or opposition to the petitions, such defenses or oppositions shall be made in writing, filed with the Clerk, and served on counsel for the United States, at least **21** days prior to the date set for the show-cause hearing.  The United States may file a reply to any opposition at least **14** days prior to the date set for the show-cause hearing.

4. At the show-cause hearing, the court will consider all issues raised by respondents.  Only those issues brought into controversy by the responsive pleadings and supported by an affidavit or declaration will be considered.  Any uncontested allegation in the petition will be considered admitted.

5. Respondents may notify the court, in a writing filed with the Clerk and served on counsel for the United States at least **21** days prior to the date set for the show-cause hearing, that respondents have no objection to enforcement of the summonses.  Respondents' appearances at the hearing will then be excused.

6. The December 2, 2005 show-cause hearing date set by Judge Samuel Conti's September 23, 2005 order, with respect to John C. Cohan, also known as

2

Christopher Cohan, C 05-3792 PJH, prior to this court's relating of the cases, is HEREBY VACATED.  Cohan is ORDERED to appear and comply with the requirements of the instant order.

**IT IS SO ORDERED.**

Dated: September 29, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge