IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 05-3792 PJH |
|     Petitioner, | |
| v. | **ORDER RE: PETITIONS TO ENFORCE IRS SUMMONSES** |
| JOHN C. COHAN, aka Christopher Cohan, | |
|     Respondent. _____/ | |
| UNITED STATES OF AMERICA, | No. C 05-3791 PJH |
|     Petitioner, | **Related Case** |
| v. | |
| MAX D. GRAY, | |
|     Respondent. _____/ | |

The court heard arguments regarding the United States' Petitions to Enforce Internal Revenue Service ("IRS") Summonses issued to respondents John C. Cohan ("Cohan") and Max D. Gray ("Gray") on December 7, 2005. Having considered the parties' briefs, exhibits, and pertinent legal authorities, the court rules as follows for the reasons stated at the hearing and summarized below.

**Cohan**

Although the parties were not clear in their papers what specific documents were the focus of the petition to enforce, at the hearing they clarified that what is currently at issue are the 93 documents which, although responsive to the summonses, were withheld by Cohan as subject to attorney-client privilege. First, the court finds that the privilege log

provided by Cohan, which shall be supplemented within one week by a declaration to be prepared by Cohan's counsel in accordance with the court's instructions at the hearing, is sufficient to establish a *prima facie* case of attorney-client privilege.  *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).  The court denies the government's request that it conduct an *in camera* review of the privileged documents at this time.

Second, the court finds that Cohan has not yet waived the attorney-client privilege by asserting a reliance on advice of counsel defense.   Neither party disputes that once the defense is asserted as a basis for relief from penalties, the privilege is waived.  Accordingly, once the IRS has issued the expected notice of deficiency and Cohan files a petition with the Tax Court, Cohan shall immediately advise the government whether he will assert such defense, and if so, shall simultaneously produce to the government the 93 withheld documents.

Third, the court finds that Cohan's efforts to obtain responsive documents from third parties, specifically KPMG and Presidio Trust, have been reasonable to date.  However, as agreed by the parties at the hearing, government counsel will draft a letter for Cohan's (or his counsel's) signature in one final attempt to obtain third-party documents.  In any event, the government has other means of obtaining this information, including third-party summonses, which it is free to utilize at any time.

As the only documents at issue are those withheld as privileged, the petition to enforce the summonses to compel their disclosure now is DENIED.

**Gray**

As the 23 documents withheld by Gray are included in the 93 withheld by Cohan, and because the privilege is Cohan's to waive, the inadequacy of Gray's privilege log is not fatal, and the court's ruling regarding these 23 documents is the same as that regarding the 93 documents.  However, because the government may additionally seek to interview Gray,

should Cohan waive the attorney-client privilege by asserting a reliance on the advice of counsel defense, the court will hold the petition to enforce in abeyance pending Cohan's decision.  As Cohan's decision must be made at the time he petitions the Tax Court for relief, the court anticipates that the government will determine whether to interview Gray within a short period of time thereafter.  Accordingly, the parties shall notify the court jointly in writing within 90 days of the commencement of proceedings in Tax Court, whether they have resolved on their own the issues raised by this petition or whether they require the assistance of the court.

## CONCLUSION

In case number 05-3792 PJH, the petition to enforce the summonses issued to Cohan is DENIED, on the conditions set forth above.  All case management conferences and related deadlines are VACATED.  The court file shall be closed, however, the government may seek to have the file reopened should Cohan fail to comply with the conditions set forth above.

In case number 05-3791 PJH, the petition to enforce the summonses issued to Gray shall be held in abeyance pending initiation of a Tax Court action and Cohan's compliance with the conditions set forth above.  All case management conferences and related deadlines are VACATED, except that the parties shall submit a status report on June 9, 2006, should this matter not be resolved by then.

**IT IS SO ORDERED.**

Dated: December 8, 2005

PHYLLIS J. HAMILTON
United States District Judge

3